**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-423-RJC-DCK**

| | |
|---|---|
| **DESIREE SMALL,**<br><br>        **Plaintiff,**<br><br>   v.<br><br>**FV-I, INC., TRUSTEE FOR MORGAN STANLEY CAPITAL HOLDINGS, LLC; and SPECTRUM FIELD SERVICES, INC.,**<br><br>        **Defendants.** | **CONSENT PROTECTIVE ORDER** |

Upon motion of Plaintiff Desiree Small ("Plaintiff") and Defendants FV-I, Inc., Trustee for Morgan Stanley Capital Holdings, LLC and Spectrum Field Services, Inc. ("Defendants") and for good cause shown, the Court enters the following Consent Protective Order pursuant to Fed. R. Civ. P. 26(c):

IT IS THEREFORE ORDERED:

1. That the documents, testimony, interrogatory answers and other information in the following categories shall be kept confidential and shall not be disclosed to anyone except as set forth below:

    (a) All documents, information, or testimony containing or relating to confidential, proprietary, research, development, business information and/or trade secrets that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests;

    (b) All financial documents, information, or testimony, including but not limited to financial records, financial statements, bank statements, canceled checks or deposit slips,

pro formas, business plans or projections, corporate tax returns, budgets, and any other financial information and documents that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests;

    (c) All documents, information, or testimony containing or relating to information that is confidential or proprietary to Plaintiff's or Defendants' clients and customers, including but not limited to financial information, market research, proprietary, research, development, business information and/or trade secrets that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests;

    (d) All documents or testimony containing personnel information, including compensation data, of the employees of Plaintiff or Defendants or their affiliates, that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests;

    (e) All documents or testimony containing private or personal information of a sensitive nature, including without limitation health information of any persons connected with Plaintiff or Defendants or their affiliates, that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests; and

    (f) The contents of such "CONFIDENTIAL" documents.

  2. That the documents, testimony and information in the categories listed above may be disclosed only to the following in connection with their use at trial and in preparation for trial: the parties; counsel, including other attorneys in the same firm and their clerical and paralegal

employees; expert witnesses retained by either party for purposes of this case; stenographers or court reporters; copying services; or witnesses, but only such documents, testimony and other evidence that relates directly to that witness or the testimony of that witness may be disclosed to a non-party witness.

3. That the parties may redact any person's personally identifiable information from documents produced in this case to protect the person's confidential personal information.

4. That each person subject to this Order shall review and consent to the terms of this Order before viewing any of the documents or other materials protected by this Order.

5. That neither the originals nor copies of such "CONFIDENTIAL" documents, discovery responses, or deposition transcripts may be given to anyone other than the parties or their counsel as described; and that following the conclusion of the trial in this case and expiration of all periods for appeal, the originals and all copies of the "CONFIDENTIAL" documents shall be subject to further order or direction of this Court. In the event the Court does not issue an order regarding the ultimate disposition of materials furnished pursuant to this Order, all such materials shall be returned to counsel for the producing party or, at the producing party's option, destroyed by counsel for the receiving party. Each counsel shall be responsible for retrieving all copies of "Confidential" documents which it provided to experts. Counsel for the producing party will inform the receiving party no more than thirty (30) days after the case has been resolved whether the "Confidential" documents should be destroyed or returned. Upon receipt of said notice, counsel for the parties shall either destroy or return all documents within seven (7) days. If destruction is requested, then, within seven days after the notice is received, counsel for the receiving party shall certify in writing to counsel for the producing party that all such documents have been destroyed. The provisions of this Order insofar as it restricts the disclosure,

communication of and use of "Confidential" information produced hereunder shall continue to be binding after the conclusion of this action.

6. If material designated as Confidential is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall promptly bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make reasonable efforts to obtain the return of the Confidential Material and to prevent further disclosure on its own part or the part of the person who was the unauthorized recipient of such Confidential Material.

7. That this Protective Order does not affect the right of any party to challenge the designation of any information or document as "CONFIDENTIAL."

8. The term "party" as used throughout this Protective Order shall apply to third parties from whom information may be requested in discovery.

**SO ORDERED.**

Signed: January 3, 2018

_____
David C. Keesler
United States Magistrate Judge

**IT IS SO STIPULATED:**

| | |
|---|---|
| s/Julian H. Wright, Jr._____ | s/Melanie Tarrant Bull_____ |
| Julian H. Wright, Jr. | Melanie Tarrant Bull |
| N.C. Bar No. 19345 | N.C. Bar No. 35604 |
| jwright@rbh.com | jsmith@nexsenpruet.com |

*Attorney for Plaintiff*                                                    *Attorney for Plaintiff*

ROBINSON, BRADSHAW & HINSON, P.A.          LEGAL AID OF NORTH CAROLINA, INC.
101 North Tryon Street, Suite 1900                       1508 S. York Road
Charlotte, North Carolina  28246-1900                  Gastonia, North Carolina  28052
Telephone: (704) 377-2536                                    Telephone:  704.865.2357
Facsimile: (704) 373-4000                                     Facsimile:   704.865.2359

　s/Donald R. Pocock_____       　s/John Thomas Crook_____
Donald R. Pocock                                                   John Thomas Crook
N.C. Bar No.                                                           N.C. Bar No.
donald.pocock@nelsonmullins.com                      jcrook@bdixon.com

*Attorney for Defendant FV-I, Inc., Trustee for*     *Attorney for Defendant Spectrum Field*
*Morgan Stanley Capital Holdings, LLC*                *Services, Inc.*

NELSON MULLINS RILEY &                                   BAILEY & DIXON, LLP
SCARBOROUGH, LLP                                            2500 Two Hanover Square
The Knollwood, Suite 530                                     P.O. Box 1351
380 Knollwood Street                                             Raleigh, North Carolina  27602-1351
Winston-Salem, North Carolina  27103             Telephone: (919) 828-0731
Telephone: (336) 774-3300